UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE PINEDA,

                    Plaintiff,

-against-

DUTCHESS COUNTY, et al.,

                    Defendants.

25-CV-4554 (JGLC)

**ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

      On October 1, 2025, the Court ordered Plaintiff to amend his Complaint to include Frank Torre ("Torre"), the Aramark employee identified by counsel for Defendants in their August 25, 2025 letter. ECF No. 29. On October 30, 2025, Plaintiff filed an Amended Complaint adding Frank Torre. ECF No. 34. Plaintiff now moves to have his Amended Complaint replace his initial Complaint as the operative complaint in this case. ECF No. 33. Defendants Dutchess County, Sheriff Kirk Imperati, Officer Arroyo, and Sergeant LaMonica (the "County Defendants") do not oppose Plaintiff's motion to amend. ECF No. 37. Accordingly, Plaintiff's motion to amend is GRANTED.

      Further, because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"),[1] he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service on new Defendant Frank Torre.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue

---

[1] The Court granted Plaintiff's request to proceed IFP on June 3, 2025. ECF No. 7.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve each Defendant until 90 days after the date that the summons for the Defendant issues.

and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP). To allow Plaintiff to effect service on Torre through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for him. The Clerk of Court is further instructed to issue a summons for Torre and deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and the complaint on him. If a summons and the Amended Complaint are not served on Defendant Torre within 90 days after the date that a summons for that defendant is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

## CONCLUSION

The Clerk of Court is therefore directed to (1) issue a summons for Defendant Frank Torre; (2) complete a USM-285 form for Defendant Torre; and (3) deliver all of the documents necessary to effect service of a summons and the Amended Complaint (ECF No. 34) on Defendant Torre to the USMS. Plaintiff has listed Torre's service addresses at ECF No. 35.

The Clerk of Court is also directed to terminate ECF No. 33.

Dated: November 13, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge