UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE PINEDA,

                  Plaintiff,

          -against-

FRANK TORRE, et al.,

                  Defendants.

25-CV-4554 (JGLC)

**<u>OPINION AND ORDER</u>**

JESSICA G. L. CLARKE, United States District Judge:

On March 30, 2026, the Court issued an Opinion and Order that addressed the majority of Plaintiff's claims in this case. *See* ECF No. 42 ("Opinion & Order"). However, the Court did not address Plaintiff's claim against Defendant Frank Torre. *See id.* at 4–5. It does so now. The Court assumes the parties' familiarity with the facts and procedural history of this action, but sets out the relevant background below. *See id.* at 2–5.

## BACKGROUND

The following facts are, unless otherwise noted, taken from the Amended Complaint ("AC"), ECF No. 34, and are presumed to be true for the purposes of this motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

Plaintiff Jose Pineda ("Pineda"), who is proceeding pro se, was incarcerated at the Dutchess County Jail from May 8, 2025, until May 14, 2025. ¶ 14. Pineda is a practicing Jew who "observ[es] kosher dietary laws as a fundamental tenet of his faith." ¶ 13. For six of the seven days he was incarcerated, jail officials denied him access to kosher meals. ¶ 1–2. When Pineda was provided non-kosher food, he did not consume it. ¶ 19. As a result, Pineda experienced "significant physical effects including extreme hunger, weakness, dizziness, and

weight loss," as well as "severe emotional distress, humiliation, and spiritual anguish from being forced to choose between violating his religious beliefs and going without food." ¶¶ 33–34.

When Pineda first filed his Complaint, he asserted a claim against a man named "Frank" who worked in the Dutchess County Jail's Food Services Division. ECF No. 1 ("Compl.") ¶ 12. Pineda contended that Frank "refused or failed to act on confirmed dietary instructions" to provide Pineda with kosher meals, even though Pineda is Jewish, keeps kosher, and had already attempted to "escalate the issue" to jail supervisors. ¶¶ 13, 22. Defendants' counsel later identified Frank as a man named Frank Torre ("Torre"). *See* ECF No. 19. Once "Frank's" identity was known, Pineda amended his Complaint to include Torre as a named Defendant. *See* AC at 1.

But Pineda's claims against Torre remained sparse. Pineda's Amended Complaint asserts only that Torre "is an employee in the Food Services Division of Dutchess County Jail responsible for coordinating or approving religious dietary meals," ¶ 12, and that Pineda's religious dietary accommodations were "subject to the actions or inaction of Frank Torre from the Food Services Division, who either refused or failed to act on confirmed dietary instructions, despite multiple staff acknowledgments and Plaintiff's repeated efforts to escalate the issue," ¶ 22. Pineda argues that Torre's actions (or inactions) violated Pineda's First Amendment rights to freely exercise his religion. ¶¶ 36–42. Pineda sues Torre in both his personal and official capacities. ¶¶ 12, 43–56.

Torre now moves to dismiss Pineda's claim against him. ECF No. 41 ("MTD"). Torre argues that Pineda has failed to (1) meet the pleading standards required of pro se plaintiffs; (2) plead Torre's personal involvement in the alleged misconduct; and (3) plead an adequate First Amendment claim. MTD at 5. For the reasons previously stated in its earlier Opinion, the Court does not embrace Torre's arguments that Pineda has generally failed to meet the pleading

standards required of pro se plaintiffs or that Pineda has failed to plead a First Amendment Free Exercise claim. *See generally* Opinion & Order. The Court does find, however, that Pineda has failed to allege sufficient facts to establish Torre's personal involvement in the alleged misconduct. The Court also concludes that Pineda has failed to state a claim against Torre in his official capacity. Accordingly, the Court GRANTS Defendant Torre's Motion to Dismiss.

**LEGAL STANDARD**

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). This principle is especially so in pro se cases, where "courts read pro se filings 'to raise the strongest arguments that they suggest.'" *Anderson Bey v. Roc Nation LLC*, No. 24-CV-2295 (ALC), 2025 WL 564248, at *1 (S.D.N.Y. Feb. 20, 2025) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id*. at 679.

**DISCUSSION**

This section proceeds in three parts. First, the Court finds that Pineda has failed to allege sufficient facts to establish Defendant Torre's personal involvement in the alleged misconduct. Second, the Court concludes that Pineda has failed to state a claim against Torre in his official capacity. Finally, the Court denies Pineda leave to amend.

**I.    Pineda Fails to Allege Defendant Torre's Personal Involvement**

"To state a claim for damages under Section 1983, the plaintiff must allege sufficient facts to demonstrate that [the] defendant[] [was] personally or directly involved in the violation" at issue. *Alvarado v. Westchester Cnty.*, 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014) (internal citation omitted); *see also Grullon v. City of New Haven*, 720 F.3d 133, 138–39 (2d Cir. 2013) (collecting cases); Opinion & Order at 20–22.

To establish such liability, the plaintiff must show that the defendant, "through [his] own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). In the context of a Section 1983 supervisory claim, the plaintiff may establish the defendant's personal involvement by showing that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon*, 720 F.3d at 139 (2d Cir. 2013) (cleaned up). "Individual liability under § 1983 may not be based on a theory of *respondeat superior* or vicarious liability." *Lloyd v. City of New York*, 43 F. Supp. 3d 254, 266 (S.D.N.Y. 2014) (citations omitted).

When asserting a Section 1983 claim against a direct participant, the plaintiff must also plead the defendant's personal involvement in the alleged misconduct. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677–78. Rule 8's pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Here, Pineda appears at first to assert his claim against Torre in Torre's supervisory capacity—by highlighting that Torre is "responsible for coordinating or approving religious dietary meals" at the Dutchess County Jail. AC ¶ 12. But Pineda later argues that "Torre is not alleged to be a supervisor who failed to oversee subordinates." ECF No. 46 ("Opp.") ¶ 12. Rather, Pineda explains, Torre "is alleged to be the person directly responsible for the function that failed"—in other words, the person directly responsible for Pineda not receiving his kosher meals. *Id.* "When a defendant is the person whose specific job function is to ensure religious meals are provided," Pineda argues, "and that defendant refuses or fails to perform that function, no supervisory liability analysis is needed." *Id.* ¶ 13.

Either way, Pineda fails to state a claim against Torre. Pineda pleads no facts beyond Torre's general job title and job description, alongside conclusory allegations that Torre "either refused or failed to act on confirmed dietary instructions, despite multiple staff acknowledgments and Plaintiff's repeated efforts to escalate the issue." AC ¶¶ 12, 22. Pineda never alleges that Torre himself knew of Pineda's religious meal requirements, that Torre failed to act on that

5

knowledge, or that Torre refused in any way to provide Pineda with kosher meals. *See generally* AC. That "staff" acknowledged Pineda's requests, or that Pineda "escalate[d] the issue" elsewhere does not implicate Torre in any alleged wrongdoing. *See id.* ¶¶ 12, 22.

Far from alleging "what [Torre] was supposed to do" and "what [Torre] failed to do," Pineda's pleadings remain devoid of any kind of factual detail that might conceivably support a reasonable inference that Torre is liable for the misconduct alleged. Opp. ¶ 16. Merely listing Torre's name, job title, and general job description is insufficient. *See, e.g.*, *In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 428 (S.D.N.Y. 2010) ("Plaintiffs' conclusory assertions and descriptions of job titles do not suffice to state a claim . . . ."). Instead, Pineda's "naked assertions devoid of further factual enhancement" are precisely the kind of "the-defendant-unlawfully-harmed-me accusation[s]" proscribed by precedent and Rule 8's pleading standard. *Iqbal*, 556 U.S. at 678 (internal citation and quotation marks omitted). These allegations alone—and these are all of the allegations that Pineda's Amended Complaint provides—are not enough to state a claim against Torre as either a supervisor or as a direct participant in Pineda's alleged First Amendment violation.

## II.     Pineda Fails to State a Claim Against Defendant Torre in His Official Capacity

Similarly, Pineda fails to state a claim against Torre in his official capacity—that is, Pineda fails to establish any basis for municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), tied to Defendant Torre's actions.

A claim for municipal liability under Section 1983 requires a plaintiff to "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). Pineda pleads no such

6

allegations. *See generally* AC. Pineda merely states that he is suing Defendant Torre "in both his individual and official capacities." *Id.* ¶ 12. He then fails to elaborate in any way how Defendant Torre's alleged actions, or inactions, could support a claim for municipal liability under *Monell*. *See generally id.* Pineda does not even list Torre in his list of Defendants against whom he brings his stated claim for *Monell* liability. AC ¶¶ 51–56. To the extent that Pineda alleges that Defendant Torre is implicated in the "policies, customs, or practices of Dutchess County and the Sheriff's Office" that undergirded his original municipal liability claim, the Court rejects that argument for the same reasons stated in its prior Opinion. *See* Opinion & Order at 18–19.

Accordingly, Pineda also fails to state a claim against Torre in his official capacity.

### III.    The Court Denies Leave to Amend

Finally, the Court *sua sponte* denies Pineda leave to amend. "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, further amendment would be futile. Pineda has already filed an Amended Complaint once and has had sufficient opportunity to plead even baseline allegations against Defendant Torre. AC; *see also Ruotolo*, 514 F.3d at 191 (affirming denial of leave to amend "given the previous opportunities to amend"). Pineda also filed his Amended Complaint in response to Defendants' earlier motion to dismiss. *See* ECF No. 20. He was therefore on notice of the deficiencies in his complaint but failed to add sufficient allegations to address them. Therefore, the Court denies Pineda leave to amend.

**CONCLUSION**

Accordingly, Defendant Torre's motion to dismiss is GRANTED. The case shall continue against the remaining Defendants as referred to Magistrate Judge Victoria Reznik for general pretrial management. *See* ECF No. 43.

The Clerk of Court is respectfully directed to terminate ECF No. 41.

Dated: June 16, 2026
White Plains, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

8