UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE PINEDA,

Plaintiff,

-against-

OFFICER ARROYO and
SERGEANT LaMONICA,

Defendants.

Case No. 7:25-cv-04554-JGLC-VR

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

VICTORIA REZNIK, United States Magistrate Judge:

WHEREAS, Plaintiff Jose Pineda, proceeding pro se ("Plaintiff"), and Defendants Officer Arroyo and Sergeant LaMonica ("Defendants," and together with Plaintiff, the "Parties," each a "Party") request that this Court issue a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of non-public and sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, discovery in this action may involve records of the Dutchess County Sheriff's Office ("DCSO") and the Dutchess County Justice and Transition Center (the "Jail"), including employment-related records of DCSO employees, records identifying other incarcerated individuals, medical records, and records whose disclosure could compromise the safety and security of the Jail, its staff, and the individuals incarcerated there;

WHEREAS, the Parties, through counsel for Defendants and Plaintiff pro se, agree to the following terms; and

WHEREAS, the Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties, their representatives, agents, experts, and consultants, all non-parties providing discovery in this action, and all other persons with actual or

constructive notice of this Order (each a "Person subject to this Order") shall adhere to the following terms:

**Designation of Confidential Material**

1. "Discovery Material" means any information of any kind produced or disclosed in the course of discovery in this action, including documents, electronically stored information, video and audio recordings, interrogatory answers, and deposition testimony. Any Person subject to this Order who receives Discovery Material from another Person shall not disclose it to anyone else except as this Order expressly permits.

2. The Party or non-party producing Discovery Material (the "Producing Party") may designate as "Confidential" only the portion of the material that it reasonably and in good faith believes consists of:

(a) personnel records of current or former DCSO or Dutchess County employees, including records of hiring, assignments, evaluations, discipline, complaints, investigations, training, payroll, and timekeeping, and those employees' home addresses, telephone numbers, dates of birth, and other personal information;

(b) the names, identification numbers, addresses, criminal history, supervision status, medical or mental health information, and other identifying or personal information of any incarcerated or formerly incarcerated person other than Plaintiff;

(c) information whose disclosure could reasonably be expected to jeopardize the safety or security of the Jail, its staff, or the individuals incarcerated there ("Security-Sensitive Information"), including staffing levels, post assignments, and duty rosters; post orders and security procedures; the location, field of view, and capabilities of cameras, and video recordings of the interior of the Jail; and transport routes, schedules, and procedures;

(d) medical and mental health records and information of any person, other than material that Plaintiff himself produces concerning himself;

(e) non-public financial or commercial terms of contracts between Dutchess County or DCSO and vendors; and

(f) any other category of information that the Court, on application, orders may be designated Confidential.

3. A Producing Party may designate Discovery Material as Confidential by stamping or otherwise clearly marking each protected page "CONFIDENTIAL." Electronic files and recordings that cannot be marked may be designated by labeling the file name or the media on which they are produced, or by identifying them as Confidential in the transmittal letter. Where only part of a document is Confidential, the Producing Party may, where practicable, produce a version with the Confidential portion redacted for public use.

4. A Party may designate deposition testimony and exhibits as Confidential either on the record during the deposition or by written notice to all Parties within 30 days after receiving the final transcript, identifying the pages and lines designated. Until that 30-day period expires, the entire transcript shall be treated as Confidential.

5. If a Producing Party at any time realizes that it should have designated as Confidential some Discovery Material that it previously produced without that designation, it may so designate the material by notifying all Parties in writing. From then on, the material shall be treated as Confidential under this Order. Production of material without a Confidential designation does not waive the Producing Party's right to designate it later.

**<u>Use and Disclosure of Confidential Material</u>**

6. Confidential Discovery Material shall be used solely to prosecute or defend this action, including any appeal, and for no other purpose. It shall not be used in any other litigation or proceeding, published, posted on the internet or social media, or disclosed to the press.

7. Confidential Discovery Material may be disclosed only to:

(a) the Parties, including Plaintiff personally;

(b) counsel of record for any Party, including any attorney who later appears for Plaintiff, and their paralegals, clerical staff, and litigation-support vendors assigned to this action;

(c) the Dutchess County Attorney's Office, and DCSO and Dutchess County personnel, claims administrators, and insurers, to the extent reasonably necessary to assist in the defense of this action;

(d) any person who authored, sent, or received the material, or who is depicted in or is the subject of it;

(e) any witness whom counsel or Plaintiff in good faith believes may be called to testify at trial or deposition, provided the witness has first signed a Non-Disclosure Agreement in the form attached as Exhibit A;

(f) any expert or consultant retained by a Party to assist in this action, provided the expert or consultant has first signed Exhibit A;

(g) stenographers, videographers, and interpreters engaged to transcribe or record depositions;

(h) any mediator appointed by the Court or agreed to by the Parties, and the mediator's staff; and

(i) the Court and its staff, including court reporters.

8. Before disclosing Confidential Discovery Material to any person under paragraph 7(e) or 7(f), the disclosing Party shall give that person a copy of this Order and obtain his or her signature on Exhibit A. The disclosing Party shall retain each signed Exhibit A and shall produce it to the Producing Party on request. An expert's signed Exhibit A need not be produced before the expert is disclosed.

9. **Information concerning other incarcerated individuals.** Plaintiff may use the names of other incarcerated or formerly incarcerated individuals produced in discovery only to

identify, locate, and communicate with potential witnesses for purposes of this action. Plaintiff shall not disclose those names, or any Confidential information about those individuals, to anyone other than the persons listed in paragraph 7. Plaintiff shall not use that information to harass, threaten, or intimidate any person, or for any purpose unrelated to this action. Plaintiff's contact with any such individual who remains incarcerated shall be by written correspondence only. Nothing in this Order requires any Party to produce the home address of any non-party.

10. **Security-Sensitive Information.** Plaintiff may review Security-Sensitive Information designated Confidential, to the extent it exists, and may use it in this action as this Order permits.

11. Nothing in this Order restricts a Party's use or disclosure of its own documents or information. Nothing in this Order restricts Plaintiff's use or disclosure of his own medical records, his own statements, or other information concerning himself that he obtained independently of discovery in this action.

## Challenges to Designations

12. A Party who objects to a Confidential designation shall serve on the Producing Party a written objection identifying the material and the grounds for the objection. The Parties shall meet and confer in good faith within 10 days after service of the objection. If they cannot resolve the dispute, the objecting Party may seek a ruling from the Court in accordance with Section 2A of Magistrate Judge Reznik's Individual Practices. The Producing Party bears the burden of showing that the designation is appropriate. The material shall be treated as Confidential until the Court rules.

13. A Party may apply to the Court, after meeting and conferring, for additional protection of particular Discovery Material, or for an order that particular material need not be produced at all.

14. Nothing in this Order constitutes an admission that any Discovery Material is relevant or admissible, or a waiver of any Party's right to object to any discovery request or to the use of any Discovery Material at trial or otherwise. The inclusion of a category of information in paragraph 2 does not mean that such information is discoverable, and nothing in this Order requires any Party or non-party to produce material, including personnel or disciplinary records, as to which it has objected or may object.

**Personally Identifying Information**

15. Any Person subject to this Order who receives personally identifying information, such as Social Security numbers, dates of birth, home addresses, financial account numbers, or medical information, shall take reasonable steps to keep it secure and protect it against unauthorized access or disclosure. If such information is lost, stolen, or disclosed without authorization, the receiving Person shall promptly notify the Producing Party and cooperate in reasonable efforts to retrieve it and limit further disclosure.

**Privileged Material**

16. Under Federal Rule of Evidence 502(d), the production of any material protected by the attorney-client privilege, the work-product doctrine, or any other privilege or protection, whether inadvertent or otherwise, does not waive that privilege or protection in this action or in any other federal or state proceeding. On written notice from the Producing Party identifying such material, the receiving Party shall, within five business days, return or destroy all copies, certify in writing that it has done so, and make no further use of the material. The receiving Party may

then move the Court to compel production of the material, but may not argue that its production waived any privilege or protection.

**Filing Under Seal**

17. Designation of material as Confidential does not mean that the material will be filed under seal. A Party wishing to file Confidential Discovery Material with the Court shall comply with the Individual Practices of the presiding Judge and Magistrate Judge, and with the Court's procedures for sealed and redacted filings (or, for a pro se party, the Court's procedures for pro se filings), including any requirement to seek leave to file under seal or in redacted form. The Parties understand that the Court may decline to seal material, particularly material submitted in connection with dispositive motions or at trial, and that the Court retains discretion over whether to afford confidential treatment to any material filed with it.

**Subpoenas and Legal Process**

18. If any Person subject to this Order receives a subpoena or other legal process seeking Confidential Discovery Material, that Person shall promptly, and in no event more than five business days after receipt, give the Producing Party written notice and a copy of the subpoena or process, and shall, where possible, give at least 10 days' notice before any disclosure, so that the Producing Party may seek to protect the material. Nothing in this Order requires any Person to disobey a lawful court order.

**Non-Parties**

19. Any non-party producing Discovery Material in this action, including by subpoena, including DCSO, Dutchess County, Aramark Correctional Services, and PrimeCare Medical the

Jail's contracted medical provider, may designate material as Confidential under this Order and is entitled to its protections.

**Conclusion of the Action**

20. Within 30 days after the final disposition of this action, including the exhaustion of any appeal, every Person who received Confidential Discovery Material shall return it to the Producing Party or destroy it, including all copies, electronic copies, and notes reflecting its contents, and shall certify in writing to the Producing Party that it has done so. Counsel of record may retain an archival copy of pleadings, filings, transcripts, correspondence, and attorney work product, even if they contain Confidential Discovery Material, and that material remains subject to this Order.

21. This Order survives the termination of this action and remains binding on all Persons subject to it. The Court retains jurisdiction to enforce this Order and to impose sanctions for any violation, including punishment for contempt. Plaintiff, by signing below, acknowledges that he has read this Order, that he is personally bound by it, and that a violation may subject him to sanctions, including contempt.

22. This Order may be modified by the Court on its own initiative or on application of any Party for good cause. This Stipulation may be signed in counterparts, and electronic or scanned

signatures shall have the same effect as originals.

SO STIPULATED AND AGREED.

Jose Pineda
_______________________________
Jose Pineda
*Plaintiff Pro Se*
11 Tiger Road
Hopewell Junction, New York 12533
josepinedaiii29@gmail.com

Dated: October 17, 2026, 2026

SOKOLOFF STERN LLP

By: Kimberly Hunt Lee
Kimberly Hunt Lee
*Attorneys for Defednants*
80 Washington Street, Suite 100
Poughkeepsie, NY 12601
klee@sokoloffstern.com

Dated: October 22, 2026

SO ORDERED.

Dated: White Plains, New York
October 23, 2026

_______________________________
VICTORIA REZNIK
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE PINEDA,<br><br>Plaintiff,<br><br>-against-<br><br>OFFICER ARROYO and SERGEANT LaMONICA,<br><br>Defendants. | Case No. 7:25-cv-04554-JGLC-VR<br><br>**NON-DISCLOSURE AGREEMENT** |

I, Jose Pineda, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order (the "Order") entered in this action, which governs the use and disclosure of Discovery Material designated "Confidential."

I agree that I will not disclose any Confidential Discovery Material to anyone other than as the Order permits, and that I will use it solely for purposes of this action. I agree that, at the conclusion of this action, I will return all Confidential Discovery Material, including all copies and notes reflecting its contents, to the Party or attorney from whom I received it, or destroy it, and certify that I have done so.

By signing this Agreement, I submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any proceeding to enforce the Order, and I understand that a violation of the Order may result in sanctions, including punishment for contempt of court.

Dated: October 17, 2026

jose pineda
Signature

Jose Pineda
Printed Name